IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          5:06CV0278-WRW

DARRELL JONES AND YULONDA
JONES, HIS WIFE; PRODUCERS RICE
MILL, INC.; AND SOUTHERN STATES
COOPERATIVE, INC.                                                                            DEFENDANTS

**JUDGMENT**

Pending before the Court is the application of the plaintiff, United States of America, for default judgment against defendants Darrell Jones and Yulonda Jones, his wife, and Southern States Cooperative, Inc.  Said defendants, after having been properly served, are in default. The remaining defendant, Producers Rice Mill, Inc. has answered and consents to judgment *in rem*.  It is therefore, ORDERED, DECREED AND ADJUDGED:

1.  The Court has jurisdiction over the parties and over the property which is the subject of this cause of action.

2.  Defendants Darrell Jones and Yulonda Jones, his wife are in default on their obligation to plaintiff and are indebted to the United States of America, U.S. Department of Agriculture, Farm Service Agency, formerly Farmers Home Administration, in the total principal sum of $85,241.37, plus interest in the sum of $27,593.56, accrued to October 29, 2007,  and thereafter at the daily rate of $11.83 to date of this judgment and thereafter at the statutory rate pursuant to 28 U.S.C. §1961, plus advances and recoverable charges, and any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.   Plaintiff United States of America, U.S. Department of

Agriculture, Farm Service Agency, formerly Farmers Home Administration, is hereby awarded judgment <u>in rem</u> against the property described herein for the above-mentioned sums.  No personal judgment having been prayed for, none is rendered.

    3.  The above-described indebtedness due and owing to the plaintiff is secured by mortgages recorded as follows:

| **MORTGAGE DATE** | **RECORDATION DATE** | **BOOK AND PAGE** |
|---|---|---|
| 5/10/1994 | 5/10/1994 | Book T-18, Page 757<br>Office of the Circuit Clerk &<br>Ex-Officio Recorder/Chicot County, AR |
| 4/23/1996 | 4/23/1996 | Book l-19, Page 194<br>Office of the Circuit Clerk &<br>Ex-Officio Recorder/Chicot County, AR |
| 4/9/1997 | 4/9/1997 | Book X-19, Page 545<br>Office of the Circuit Clerk &<br>Ex-Officio Recorder/Chicot County, AR |
| 6/17/1998 | 6/17/1998 | Book Q-20, Page 25<br>Office of the Circuit Clerk &<br>Ex-Officio Recorder/Chicot County, AR |
| 4/30/1999 | 4/30/1999 | Book C-21, Page 315<br>Office of the Circuit Clerk &<br>Ex-Officio Recorder/Chicot County, AR |

Plaintiff's mortgages constitute good and valid mortgage liens, which are paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy and homestead of the defendants, and USDA, FSA, borrowers, Darrell Jones and Yulonda Jones  in and to the following described property in Chicot County, Arkansas:

South 46 acres of the N1/2 of the NW1/4 of Section 10, and the NW1/4 of the NE1/4 of Section 10, Township 14 South, Range 3 West, more particularly described as follows, according to a certain survey made by Mr. Pink Morris of Dermott, Arkansas, on April 6, 1955, to-wit: Beginning at a point on the West boundary line of said Section 10, 814 feet South of the Northwest corner of said Section 10, thence continue South along the West

boundary line of said Section 10, a distance of 506 feet, thence East on a line parallel to the North boundary line of said Section 10, a distance of 3,960 feet, thence North parallel to the West boundary line of said Section 10, a distance of 506 feet, thence West parallel to the North boundary line of said Section 10, a distance of 3,960 feet to the point of beginning, containing 46 acres, and being located in Township 14 South, Range 3 West, Chicot County, Arkansas. This being the same land as conveyed by R.W. Parrish, Special Commissioner in Chancery to Martha Jones on April 25, 1955, and recorded in Deed Record book S-8, Page 301.

together with all improvements and appurtenances thereon.

    4.  After having been properly served, Darrell Jones and Yulonda Jones, his wife, and Southern States Cooperative, Inc. are in default. Any interest in and to the above-described property held or claimed by said defendants is subordinate and inferior to the plaintiff's mortgages, and is hereby foreclosed.

    5.   The defendant Producers Rice Mill, Inc. has filed an Answer herein. Said defendant has a lien on the interest of defendant Darrell Jones in and to the above described property by virtue of a Judgment against Darrell Jones dated May 28, 1997, which was recorded on May 29, 1997, in the Circuit Court of Chicot County, Arkansas in Book P, Page 192, in the original amount of $15,764.52, plus interest at ten percent per annum.

    6.   The indebtedness owed to the U.S. Department of Agriculture, Farm Service Agency, consists of three promissory notes, each dated 4/30/99, which were rescheduled from previous notes, as set forth in the plaintiff's complaint, as follows:

    Loan #41-21 in the unpaid principal sum of $30,967.29, and interest in the sum of $9,850.88 as of 10/29/07, and interest thereafter at the daily rate of $4.2421.

    Loan #44-20 in the unpaid principal sum of $31,231.30, and interest as of 10/29/07 in the sum of $13,271.16, and interest thereafter at the daily rate of $4.2783.

    Loan #44-18 in the unpaid principal sum of $23,042.58, and interest in the sum of $4,471.52, as of 10/29/07, and interest accruing thereafter at the daily rate of $3.3144 per

day.  Plaintiff's mortgages recorded on 5/10/94, 4/23/96 and 4/9/97 secure notes #44-21 and #44-20.  Plaintiff's mortgages recorded on 6/17/98 and 4/30/99 secure notes number #44-21, #44-20 and #44-18.

      7.      Plaintiff's mortgages recorded on 5/10/94, 4/23/96 and 4/9/97 constitute collectively a first lien against the above described property, which is paramount and superior to all right, title, claim, interest, estate, equity or statutory right of redemption, dower, curtesy, homestead, of all of the defendants herein in and to the above described property in Chicot County, Arkansas.  Said mortgage liens secure an indebtedness of principal in the sum of $62,198.59, interest in the sum of $23,122.04 accrued to October 29, 2007 and thereafter at the daily rate of $8.5204 to the date of the entry of this judgment, and thereafter at the statutory rate pursuant to 28 U.S.C. 1961, plus any additional advances and recoverable charges made during the pendency of this action for protection and maintenance of the subject property, and the costs of this action.  The Judgment of defendant Producers Rice Mill, Inc. constitutes a second lien against the above described property to the extent of the indebtedness due and owing under said judgment.  The plaintiff's mortgages recorded on 6/17/99 and 4/30/99 constitute, together, a third lien securing the entire indebtedness owed to the plaintiff, as set forth in paragraph one above.

      8. The above-described mortgages of the United States of America and the judgment lien of Producers Rice Mill, Inc. are hereby foreclosed. If the above-described indebtedness due to the United States of America are not paid within 10 days from this date, the United States Marshal is directed to sell the above-described property at public auction to the highest bidder for cash, or on a credit of 60 days, at the South front door of the Chicot County Courthouse, Lake Village, Arkansas.  The date and time of such sale

shall be fixed by the Marshal.  If purchased on credit, payment of the purchase price shall be secured by one of the following methods, at the purchaser's option:  furnish a corporate surety bond, or furnish a letter of credit from a financial institution, or post a 10% cash down payment.  The corporate surety bond and letter of credit shall be in the amount of the purchase price, plus interest at the rate of 10% per annum from date of sale, and shall be subject to the approval of the U. S. Marshal.  The 10% cash down payment shall be forfeited in the event of failure to pay for the property within 60 days, in which event the Marshal shall resell the property.  In the event of a cash down payment, the purchaser shall pay interest on the balance of the purchase price at the rate of 10% per annum from date of sale.  A lien against the property shall be retained to further secure payment of the purchase money.  The property shall be sold subject to any unpaid property taxes.  If either the plaintiff shall become the purchaser at such sale for a sum equal to or less than the indebtedness owed to plaintiff as of the date of sale, it may credit its bid against the amount of the debt and such credit shall be an extinguishment of the debt to the extent of such credit. The Marshal shall give notice of the sale as required by 28 U.S.C. § 2002, and shall forthwith report the result of the sale to the Court.

     9.  Upon the sale of the above-described real property, all right, title, claim, interest, estate and equity or statutory right of redemption, and all rights of homestead, curtesy and dower of all parties in and to said property and every part thereof shall from that date be foreclosed and forever barred.

     10.  The purchaser at said sale shall be given possession upon demand and the Clerk of this Court is hereby authorized and directed to issue writs of assistance to the United States Marshal for the Eastern District of Arkansas, who will proceed to place the purchaser in possession of said property.

Case 5:06-cv-00278-BRW   Document 10   Filed 12/10/07   Page 6 of 7

11. The sales proceeds, after expenses of sale shall be paid and distributed as follows: first, to the United States of America, USDA, FSA, to the extent of the indebtedness owed to it secured by its mortgages recorded on 5/10/94, 4/23/96 and 4/9/97, as set forth in paragraph seven above; next, to the defendant Producers Rice Mill, Inc., to the extent of the indebtedness due and owing under its judgment against Darrell Jones, as set forth in paragraph seven above, and next, to the United States of America, USDA, FSA, in the amount of the entire indebtedness owed to it, which is secured by its mortgages recorded on 6/17/98 and 4/30/99, as set forth in paragraph seven above. Any surplus remaining shall be retained by the U.S. Marshal subject to further orders of the Court.

12. The Court retains jurisdiction of this cause for the making of such further orders as may be necessary to effectuate this judgment.

DATED this 10th day of December, 2007.


/s/Wm. R. Wilson, Jr.
UNITE STATES DISTRICT JUDGE

Approved:

/s/ Richard M. Pence, Jr.

_____
Richard M. Pence, Jr.
Assistant U.S. Attorney
Attorney for Plaintiff

/s/ Malcolm R. Smith

_____
Malcolm R. Smith
Attorney for Producers Rice Mill, Inc.